IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTHERN ILLINOIS

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 7 CASE |
| | ) | |
| Martin and Nancy Byrne | ) | CASE NO. 05-39778 |
| | ) | |
| Debtor(s) | ) | Hon. JOHN SQUIRES |
| | ) | BANKRUPTCY JUDGE |
| | ) | |

## TRUSTEE'S FINAL REPORT

To:   THE HONORABLE JOHN SQUIRES
      BANKRUPTCY JUDGE

NOW COMES Brenda Porter Helms, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. Section 704(9).

1. The Petition commencing this case was filed on 23rd day of September, 2005. Brenda Porter Helms was appointed Trustee on the same date. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2. The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee to administer this estate are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The property abandoned, or sought to be abandoned, along with the reasons for abandonment, is described in Exhibit B.

4. A summary of the Trustee's final account as of August 5, 2008 is as follows:

| | | |
|---|---|---|
| a. | RECEIPTS (See Exhibit C) | $ 3,533.15 |
| b. | DISBURSEMENTS (See Exhibit C) | $ 7.70 |

| | | |
|---|---|---:|
| c. | NET CASH available for distribution | $3,525.45 |
| d. | ADMINISTRATIVE EXPENSES: | |
| | 1. Trustee compensation requested (See Exhibit E) | $877.65 |
| | 2. Trustee Expenses (See Exhibit E) | $0.00 |
| | 3. Compensation requested by attorney or other professionals for trustee (See Exhibit F) | $1,952.50 |

5. The Bar Date for filing unsecured claims expired on February 14, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (See Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---:|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $3,080.15 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims, including interest | $422.73 |
| f. | Other: Surplus to debtors | $22.57 |

7. Trustee proposes that unsecured creditors receive a distribution of 100% of allowed claims, plus interest.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorneys', accountants', or other professionals' compensation requested but not yet allowed is $1,952.50. The total of Chapter 7 professional fees and expenses requested for final allowance is $1,952.50. (See Exhibit G).

9. A fee of $1,400.00 was paid to Debtor's attorney for services rendered in connection with this case, and no basis appears to request an examination of said fee pursuant to 11 U.S.C. §329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing under 11 U.S.C.

§§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE: ___8/5/08___

/s/ Brenda Porter Helms
Trustee
3400 W. Lawrence Avenue
Chicago, IL 60625

## TASKS PERFORMED BY TRUSTEE

The Trustee reviewed the petition, schedules and statement of financial affairs and conducted the first meeting of creditors (1 hour). The Trustee determined the debtors had made preferential payments to a creditor and requested additional information from the debtors regarding that transaction (.5 hours). The Trustee engaged counsel to pursue the preference action and consulted with him regarding settlement offers (.7 hour).

The Trustee reviewed all claims on file in this case (.3 hours).

The Trustee has prepared the final report in this case (1.8 hours). The Trustee anticipates she will respond to any issues raised by the Office of U.S. Trustee regarding the form of the Final Report and electronically file same (.5 hours). The Trustee will appear in Court at the hearing on the application for compensation (.5 hours), will transfer the funds into a non-interest bearing account, prepare the Final Distribution Report to be filed with the Court, obtain UST approval for same and issue the final distribution checks (1 hour). The Trustee will monitor the monthly bank statements until all checks have cleared, deposit any uncashed checks with the Clerk of the Court and prepare and file a Final Account to close the case (1.0 hours).

7.3 hours @$325 = $2,372.50

**EXHIBIT A**

## DISPOSITION OF ESTATE PROPERTY

Scheduled Property & Disposition                                               Amount Abandoned

    See attached Individual Estate Property Record

| Property abandoned or to be abandoned: | |
|---|---|
| Checking account in amount of | $10.00 |
| 1993 Ford Taurus valued at | $1,000.00 |
| Real property claimed exempt & with lien valued at | $265,000.00 |
| Household goods claimed exempt and valued at | $2,000.00 |
| Wearing apparel & jewelry claimed exempt valued at | $200.00 |
| Pension plan claimed exempt and valued at | $1,837.71 |
| Monthly Social Security benefits claimed exempt valued at | $2,193.00 |

            TOTAL AMOUNT ABANDONED:      $272,240.71

Unscheduled Property

    Preference action recovery of $3,500.00
    Post petition interest of $33.15

| | |
|---|---|
| TOTAL RECEIPTS | $3,533.15 |
| TOTAL SCHEDULED VALUE OF PROPERTY ABANDONED | $272,240.71 |
| TOTAL SCHEDULED VALUE OF EXEMPT PROPERTY | $271,320.71 |

**EXHIBIT B**

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Page 1

Case No: 05-39778   SQU   Judge: JOHN SQUIRES
Case Name: Byrne, Martin
Byrne, Nancy
For Period Ending: 08/05/08

Trustee Name: BRENDA PORTER HELMS, TRUSTEE
Date Filed (f) or Converted (c): 09/23/05 (f)
341(a) Meeting Date: 10/01/05
Claims Bar Date: 02/14/06

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. REAL PROPERTY | 265,000.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 2. CHECKING ACCOUNT | 10.00 | 0.00 | DA | 0.00 | FA |
| 3. HOUSEHOLD GOODS AND FURNISHINGS | 2,000.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 4. WEARING APPAREL AND JEWELRY | 200.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 5. PENSION PLANS AND PROFIT SHARING | 1,837.71 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 6. SOCIAL SECURITY BENEFITS | 2,193.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 7. 1993 FORD TAURUS | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 8. PREFERENCE ACTIONS (u) | 0.00 | 0.00 | | 3,500.00 | FA |
| 9. Post-Petition Interest Deposits (u) | Unknown | N/A | | 33.15 | Unknown |

TOTALS (Excluding Unknown Values)    $272,240.71    $0.00    $3,533.15

Value of Remaining Assets    $0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/30/06    Current Projected Date of Final Report (TFR): 03/30/08

/s/   BRENDA PORTER HELMS, TRUSTEE
_____ Date: 08/05/08
BRENDA PORTER HELMS, TRUSTEE

PFORM1    Ver: 14.03b

## ESTATE CASH RECEIPTS AND DISBURSEMENTS

See attached

EXHIBIT C

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page 1

| Case No: | 05-39778 -SQU | | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| --- | --- | --- | --- | --- |
| Case Name: | Byrne, Martin | | Bank Name: | BANK OF AMERICA, N.A. |
| | Byrne, Nancy | | Account Number / CD #: | *******5635  Money Market - Interest Bearing |
| Taxpayer ID No | *******4809 | | | |
| For Period Ending: | 08/05/08 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/31/07 | 8 | Chase Home Finance<br>3415 Vision Drive<br>Columbus OH 43219 | settlement of adversary | 1241-000 | 3,500.00 | | 3,500.00 |
| 02/27/07 | 000101 | International Sureties, Ltd | bond premium | 2300-000 | | 3.77 | 3,496.23 |
| 02/28/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 2.30 | | 3,498.53 |
| 03/30/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 2.97 | | 3,501.50 |
| 04/30/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 2.88 | | 3,504.38 |
| 05/31/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 2.98 | | 3,507.36 |
| 06/29/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 2.88 | | 3,510.24 |
| 07/31/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 2.99 | | 3,513.23 |
| 08/31/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 2.98 | | 3,516.21 |
| 09/28/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.750 | 1270-000 | 2.24 | | 3,518.45 |
| 10/31/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.750 | 1270-000 | 2.25 | | 3,520.70 |
| 11/30/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.650 | 1270-000 | 1.88 | | 3,522.58 |
| 12/31/07 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.500 | 1270-000 | 1.68 | | 3,524.26 |
| 01/31/08 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.400 | 1270-000 | 1.40 | | 3,525.66 |
| 02/14/08 | 000102 | International Sureties Ltd<br>701 Polydras St<br>New Orleans LA 70139 | trustee bond | 2300-000 | | 3.93 | 3,521.73 |
| 02/29/08 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.300 | 1270-000 | 0.84 | | 3,522.57 |
| 03/31/08 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.250 | 1270-000 | 0.83 | | 3,523.40 |
| 04/30/08 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.250 | 1270-000 | 0.72 | | 3,524.12 |
| 05/30/08 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.150 | 1270-000 | 0.44 | | 3,524.56 |
| 06/30/08 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.150 | 1270-000 | 0.44 | | 3,525.00 |
| 07/31/08 | 9 | BANK OF AMERICA, N.A. | Interest Rate 0.150 | 1270-000 | 0.45 | | 3,525.45 |

Total Of All Accounts    3,525.45

PFORM24

Ver: 14.03b

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTHERN ILLINOIS

IN RE: CHAPTER 7

Martin and Nancy Byrne CASE NO. 05-39778-SQU

Debtor(s). HON. JOHN SQUIRES

PROPOSED DISTRIBUTION REPORT

I, BRENDA PORTER HELMS, trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution.

SUMMARY OF DISTRIBUTION:

| | |
|---|---:|
| Chapter 7 Administrative Expenses: | $3,080.15 |
| Chapter 11 Administrative Expenses: | $0.00 |
| Priority Claims (507(a)(3)-(a)(6)): | $0.00 |
| Secured Claims | $0.00 |
| Secured Tax Liens: | $0.00 |
| Priority Tax Claims: | $0.00 |
| General Unsecured Claims: | $380.36 |
| Interest (726(a)(5)): | $42.37 |
| Surplus to Debtor (726(a)(6)): | $22.57 |
| **TOTAL AMOUNT TO BE DISTRIBUTED:** | $3,525.45 |

EXHIBIT D

REPORT OF DISTRIBUTION - CONT'D

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §506 - Secured Claims | $ 0.00 | 0.00 |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including Court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. §1930(6) | $3,080.15 | 100.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| | Brenda Porter Helms, Trustee<br>Trustee Compensation | $877.65 | $877.65 |
| | Clerk, United States Bankruptcy Court<br>Clerk of the Court Costs | $250.00 | $250.00 |
| | Springer Brown Covey Gaertner & Davis<br>Attorney for Trustee Fees | $1,952.50 | $1,952.50 |

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) Debtor-in Possession (DIP) administrative expenses | $ 0.00 | 0.00 |

| 4. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $ 0.00 | 0.00 |

| 5. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(3) - Wages, salaries or commissions, limited to $10,000.00 | $ 0.00 | 0.00 |

| 6. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(4) - Contributions to Employee Funds | $ 0.00 | 0.00 |

| 7. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(5) - Farmers' and Fisherman's claims to the extent of $4,925 | $ 0.00 | 0.00 |

| 8. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(6) - Deposits by consumers to the extent of $2,225 | $ 0.00 | 0.00 |

| 9. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(7) Alimony, Maintenance and Support | $ 0.00 | 0.00 |

| 10. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(b) Tax Liens | $ 0.00 | 0.00 |

| 11. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(8) Tax Claims excluding fines and penalties | $ 0.00 | 0.00 |

| 12. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(9) - Capital Commitments to FDIC, et al. | $ 0.00 | 0.00 |

| 13. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(2) - General Claims (To be paid pro rata after costs of administration and priority claims are paid in full | $ 380.36 | 100.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| 2 | Capital Recovery One General Unsecured 726 | $380.36 | $380.36 |

| 14. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(3) Late unsecured claims | $ 0.00 | 0.00 |

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(4) - Fines/penalties | $ 0.00 | 0.00 |

| 16. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(5) - Interest | $ 42.37 | 100 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| 2 | Capital Recovery One General Unsecured 726 | $42.37 | $42.37 |

| 17. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | $ 22.57 | 100.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| | Byrne, Martin Surplus Funds Paid to Debtor 726 | $22.57 | $22.57 |

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/ WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|
| Unsecured | 1 | Chase Bank, c/o Richard Ralston, 2101 Fourth Ave. #900, Seatlle WA 98121 | $1,256.84 | Withdrawn |

WHEREFORE. the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: _____          _____